**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MAGUIRE INSURANCE AGENCY,** | : | |
| **INC. t/a PHILADELPHIA INSURANCE** | : | |
| **COMPANIES, a corporation,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. _____** |
| **v.** | : | |
| | : | |
| **NATIONWIDE MUTUAL INSURANCE** | : | **JURY TRIAL DEMANDED** |
| **COMPANY, a corporation, and** | : | |
| **HEIDI PREWITT, an individual,** | : | |
| | : | |
| **Defendants.** | : | |

**COMPLAINT**

Plaintiff Maguire Insurance Agency, Inc. t/a "Philadelphia Insurance Companies" ("PIC"), by its undersigned attorneys, hereby brings the following Complaint against Defendants Nationwide Mutual Insurance Company ("Nationwide") and Heidi Prewitt ("Prewitt") (collectively, "Defendants"), and in support thereof avers as follows:

**INTRODUCTION**

1. Plaintiff PIC brings this Complaint seeking a temporary restraining order and preliminary injunction and damages due to Defendants' wrongful acts: misappropriation of trade secrets under the Pennsylvania Uniform Trade Secrets Act ("PUTSA"), 12 Pa. C.S.A. § 5301, *et seq.*; misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; conversion; and breach of contract.

**JURISDICTION AND VENUE**

2. Jurisdiction is appropriate in this matter under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and is between citizens of different states.

3. Jurisdiction is also appropriate in this matter under 28 U.S.C. § 1331, as it is an action arising under the laws of the United States.

4. Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

5. Plaintiff PIC is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business in Bala Cynwyd, PA. PIC is the underwriting manager for Philadelphia Indemnity Insurance Company, a Pennsylvania domiciled property and casualty insurance company duly licensed to transact business in all 50 states.

6. PIC is engaged in designing, marketing, and underwriting commercial property and casualty insurance products for certain niche markets, including human services organizations (e.g. non-profit organizations, child care centers, religious organizations, and social service organizations).

7. Defendant Nationwide Mutual Insurance Company a corporation organized and existing under the laws of Ohio, with its principal place of business in Columbus, Ohio.

8. Upon information and belief, Defendant Heidi Prewitt is an adult individual domiciled in Morris, Illinois.

**FACTUAL BACKGROUND**

9. Paragraphs 1 through 8 are hereby incorporated by reference as though the same were fully set forth at length herein.

10. On or about October 17, 2005, PIC hired Prewitt as an Account Representative in its marketing department in its Naperville, Illinois location.

11. As a precondition to Prewitt's employment with PIC, Prewitt and a representative of PIC signed a Nonsolicitation and Confidentiality Agreement on or about October 17, 2005.

12. As a precondition to Prewitt's employment, Prewitt was also required to review and acknowledge receipt of PIC's Employee Manual ("Handbook"). Prewitt acknowledged this receipt on October 17, 2005.

13. As an employee of PIC, Prewitt was required to abide by all of the policies contained in the Handbook.

14. The Handbook contained a confidentiality policy ("confidentiality policy"), which stated in part:

> You may use and/or disclose confidential and/or proprietary information only during your employment with our Company and only as necessary to further the Company's interests. You may not use or disclose confidential and/or proprietary information, either during your employment or after its termination, regardless of the reason, for personal gain or for any purpose which does not further and/or which is inconsistent with the interests of the Company. . . .
>
> The use or disclosure of confidential and/or proprietary information in violation of this Policy subsequent to the termination of the employment relationship may result in legal prosecution.

15. The confidentiality policy listed the types of information classified as confidential and/or proprietary information, which included but was not limited to:

> Business, manufacturing, marketing, legal and accounting methods, policies, plans, procedures, strategies and techniques;
>
> Information concerning our Company's earnings, production volumes and methods for doing business;
>
> Research and development projects, plans and results;

> Trade secrets (e.g. formulas, methods, processes and specifications) and technical information;
>
> The names and addresses of the Company's vendors, suppliers, customers, and potential customers;
>
> Customer lists;
>
> Pricing, credit and financial information; and
>
> Any other data or information relating to the business of [PIC] which is not known generally by and readily accessible to the public. . .

16. Prewitt reaffirmed her acknowledgment and agreement to abide by the confidentiality policy on several occasions during her employment with PIC.

17. On or around October 19, 2009, PIC promoted Prewitt to the position of Underwriter for its health and human services division.

18. As an Underwriter, Prewitt had access to PIC's confidential information, including but not limited to its customer lists, price lists, trade secrets, sales and marketing strategies, policy expiration dates, underwriting methods, and pricing and costing formulas.

19. On or about December 10, 2015, Prewitt and PIC entered into an updated Confidentiality and Nonsolicitation Agreement ("Agreement"), attached hereto as Exhibit A.

20. The Agreement stated, in relevant part:

> I acknowledge and agree that the Confidential Information: (i) is the exclusive property of the Company; (ii) has been developed and/or acquired by the Company through significant efforts and expense; and (iii) is critical to the Company's success in the insurance industry. I, therefore, agree that during the term of employment and at all times thereafter, I shall not use or disclose Confidential Information to others except while performing work directly on behalf of the Company or where disclosure has been compelled by law.

*See* Exhibit A ¶ 2.

21. According to the Agreement, "Confidential Information" included

> the Company's and/or its Affiliates' customer lists, prospect lists, agent lists, marketing methods and strategies, insured renewal information, policyholder account information, policy expiration dates, pricing and pricing strategies, policy forms, insured loss information, commission and profit sharing schedules, system formats, source code, system schematics and designs, technical specifications, business operations and strategies, trade secrets and other data and information.

*Id.* ¶ 1.

22. The Agreement also required that Prewitt return all PIC property, including but not limited to "all Company and Affiliate documents (including, but not limited to, all hard copy, electronic and other files . . . )" and "all Company materials that I have downloaded to my personal computer", upon her last date of employment. *Id.* ¶ 6.

23. In early July 2016, Prewitt notified PIC of her resignation.

24. On July 18, 2016, PIC's human resources team sent Prewitt a letter reminding her of her obligations under the confidentiality policy.

25. Prewitt began working for Defendant Nationwide on August 1, 2016 as its Human Services Territory Manager for the Midwest Region.

26. Nationwide is a provider of insurance and financial services, including property and casualty insurance coverages for human services organizations, and is a direct competitor of PIC.

27. On August 2, 2016, PIC's counsel sent Prewitt a letter reminding her of her obligation to protect PIC's confidential information, including its customer lists, products, and employee information, under the Agreement.

28. During the first quarter of 2017, Nationwide distributed an advertisement to insurance producers who market coverages to human services organizations entitled the "Human

Service Success Stories" (the "Nationwide Hot List").  In a clear effort to bolster Nationwide's standing in the human services market, the Nationwide Hot List identified new human services accounts written by Nationwide during the 4th quarter of 2016.  Nearly half of all premiums listed in the Nationwide Hot List were attributed to accounts previously written by PIC.  Prewitt was identified on the Nationwide Hot List as the primary contact and was listed as the author of the advertisement in the document's metadata.

29. Concerned about the claims made by Prewitt in the Nationwide Hot List, PIC performed a search of Prewitt's email records and discovered that just weeks before leaving her employment with PIC, Prewitt forwarded a spreadsheet entitled "HUMAN SERVICE RENEWAL WORKSHEET" (the "Worksheet") to her personal Gmail account.

30. The Worksheet is a composite of different resources that are made available to PIC's underwriters.  The Worksheet contains checklists, risk analysis tools, and pricing calculators that were developed at the time, cost, and substantial expense of PIC.  The Worksheet contains PIC's strategy and methodology to quote coverages for human services renewal business.  Put simply, the Worksheet contains confidential information that is proprietary to PIC.

31. The Worksheet's content is only available to PIC underwriters and actuaries. Prewitt had no role in developing the pricing tools and checklists contained in the Worksheet.

32. PIC protects its confidential information by requiring employees with access to such confidential information to sign non-disclosure and confidentiality agreements, by complying with a computer security protocol, and taking other reasonable steps under the circumstances.

33. Prewitt has admitted via a sworn affidavit dated April 13, 2017, that she copied the Worksheet to her Nationwide-issued laptop, where it is still currently located.

34. Following Prewitt's admission, PIC performed additional email searches. Prewitt sent numerous documents to her personal Gmail and Yahoo accounts that are confidential and proprietary to PIC and contain insured information, pricing information, loss history, and risk analysis information related to human services accounts written by PIC.

35. Nationwide and Prewitt are in possession of the Worksheet and other PIC confidential and/or proprietary information and documentation.

36. PIC believes and therefore avers that:

    (a) Prewitt and Nationwide have possession or control of PIC's original and/or computerized records, PIC's documents, confidential customer information, proprietary information, trade secrets, and customer lists;

    (b) Prewitt will use PIC's confidential information to solicit PIC accounts to divert this business to Nationwide; and

    (c) Prewitt and Nationwide have engaged in acts constituting a breach of the Pennsylvania Uniform Trade Secrets Act and the Defend Trade Secrets Act, conversion, and a breach of the Agreement.

## COUNT I
### Injunction
*Plaintiff v. All Defendants*

37. The allegations contained in the preceding and following paragraphs are incorporated herein by reference with the same force and effect as though set forth in full below.

38. Prewitt's conduct constitutes misappropriation of trade secrets and a violation of the Pennsylvania Uniform Trade Secrets Act and Defend Trade Secrets Act, conversion, and a breach of contract, as described below.

39. Nationwide's conduct constitutes misappropriation of trade secrets and a violation of the Pennsylvania Uniform Trade Secrets Act and Defend Trade Secrets Act, as described below.

40. By virtue of the foregoing, PIC has demonstrated a likelihood of success on the merits.

41. Prewitt has admitted that she copied the Worksheet to her Nationwide-issued laptop, where it still remains.

42. PIC is entitled to injunctive relief against Defendants because there will be irreparable harm to PIC should Defendants continue to retain and/or use PIC's confidential information and trade secrets. PIC will be irreparably harmed by:

    (a) The disclosure of PIC's customer lists, trade secrets, and other confidential information;

    (b) Loss of confidentiality of client records and financial information, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation; and

    (c) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

43. Accordingly, the losses suffered by PIC as a result of Defendants' conduct cannot be fully or adequately compensated in money damages, and PIC does not have an adequate remedy at law.

44. Greater injury will be inflicted upon PIC and its customers by the denial of relief than would be inflicted upon Defendants by the granting of such relief, and issuing such an injunction would be consistent with public policy and in the public's interest.

**WHEREFORE,** PIC respectfully requests that this Court enter an order requiring that:

1. A Preliminary Injunction Order issue immediately requiring Prewitt and Nationwide, until hearing and thereafter until further Order of this Court, to:

   (a) refrain from using, disclosing, or transmitting for any purpose, the information contained in the records of PIC, including, but not limited to, the Human Service Renewal Worksheet, PIC customer information, and broker and agent information;

   (b) return all PIC confidential and/or proprietary or trade secret information to PIC;

   (c) destroy and delete all PIC confidential and/or proprietary or trade secret information; and

   (d) any and all other such acts as this Court deems appropriate for injunctive relief.

## COUNT II
### Misappropriation of Trade Secrets – Pennsylvania Uniform Trade Secret Act
*Plaintiff v. All Defendants*

45. The allegations contained in the preceding and following paragraphs are incorporated herein by reference with the same force and effect as though set forth in full below.

46. PIC's Worksheet, customer information (including insured names, preferences, contact information, expiration dates of coverage), and broker and agent information (including names, preferences, contact information) all constitute trade secrets. This confidential information is not generally known to, and not readily ascertainable by proper means by, other people who can obtain economic value from its disclosure or use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. PIC has spent significant time and expense in compiling and creating the documents reflecting this information.

47. Prewitt and Nationwide possess PIC's trade secrets and may use such trade secrets in competition with PIC.

48. Prewitt sent herself the Worksheet and other confidential information including but not limited to customer identifying information in anticipation of leaving her employment with PIC.

49. Prewitt copied the Worksheet to her Nationwide computer in her second month of employment with Nationwide.

50. The Worksheet has thereafter continuously remained on Nationwide's computer.

51. Such misappropriation is willful and malicious, and has damaged PIC and will continue to damage PIC.

52. Such misappropriation of trade secrets is a violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S.A. Section 5301.

**WHEREFORE,** PIC seeks injunctive relief and damages in excess of $75,000 exclusive of interest and costs.

## COUNT III
### Misappropriation of Trade Secrets – Defend Trade Secrets Act
*Plaintiff v. All Defendants*

53. The allegations contained in the preceding and following paragraphs are incorporated herein by reference with the same force and effect as though set forth in full below.

54. As set forth above, Defendants have misappropriated PIC's trade secrets. Those trade secrets are related to a service that is intended for use in interstate commerce.

55. PIC takes reasonable measures to ensure the confidentiality of its trade secrets, which derive economic value from not being generally known to others.

56.     Defendants used improper means to willfully and maliciously appropriate PIC's trade secrets.  Defendants have refused to return the Worksheet and other PIC confidential information.

57.     PIC is entitled to exemplary damages and attorney's fees due to Defendants' willful and malicious appropriation of its trade secrets.

58.     PIC is entitled to injunctive relief prohibiting Prewitt and Nationwide from retaining and/or using its trade secrets.

59.     PIC is entitled to damages for the actual loss and unjust enrichment of Defendants caused by misappropriation of PIC's trade secrets.

**WHEREFORE,** PIC seeks injunctive relief and damages in excess of $75,000 exclusive of interest and costs.

### COUNT IV
### Conversion
*Plaintiff v. Prewitt*

60.     The allegations contained in preceding and following paragraphs are incorporated herein by reference with the same force and effect as though set forth in full below.

61.     The Worksheet, customer information, and broker and agent information of PIC was and is the property of PIC, and was property to which Prewitt had no possessory right. Prewitt wrongfully converted such items.

**WHEREFORE,** PIC seeks injunctive relief and damages in excess of $75,000 exclusive of interest and costs.

## COUNT V
## Breach of Contract
*Plaintiff v. Prewitt*

62. The allegations contained in the preceding and following paragraphs are incorporated herein by reference with the same force and effect as though set forth in full below.

63. PIC and Prewitt entered into a binding and enforceable contract, the Confidentiality and Nonsoliciation Agreement.

64. PIC has duly performed all of its obligations under the Agreement.

65. By engaging in the conduct described herein, Prewitt is violating her express written agreement with PIC.

66. As a consequence of the foregoing, PIC has suffered and will continue to suffer irreparable harm and other loss.

**WHEREFORE,** PIC seeks injunctive relief and damages in excess of $75,000 exclusive of interest and costs.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

Date: May 24, 2017        s/Daniel P. O'Meara      *Daniel O'Meara*
                          Daniel P. O'Meara (PA ID 53535)    *Amanda C Crawford*
                          Amanda D. Crawford (PA ID 320499)
                          Montgomery, McCracken, Walker & Rhoads, LLP
                          123 South Broad Street
                          Philadelphia, PA 19109
                          (215) 772-7647

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the forgoing document upon the following by e-mail and US First Class Mail:

>Carol Steinour Young, Esq.
>Mike Doctrow, Esq.
>McNees Wallace & Nurick LLC
>100 Pine Street
>P.O. Box 1166
>Harrisburg, PA 17108-1166
>csteinour@mcneeslaw.com
>
>*Attorneys for Defendants*

Dated: May 24, 2017

s/ Amanda D. Crawford